Robert A. Anderson, ISB No. 2124
Christopher P. Slette, ISB No. 10940
ANDERSON, JULIAN & HULL, LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:      (208) 344-5510
E-Mail:          raanderson@ajhlaw.com
                    cslette@ajhlaw.com
iCourt/e-File:  service@ajhlaw.com

Attorneys for Defendant Amer Sports
    Winter & Outdoor Company and
    Salomon SAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL J. THOMAS and JAN B. THOMAS, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>AMER SPORTS COMPANY, AMER SPORTS WINTER & OUTDOOR COMPANY t/a SALOMON SPORTS, SALOMON USA a/k/a SALOMON NORTH AMERICA INC. t/a SALOMON SPORTS, SALOMON SAS and XYZ BUSINESS ENTITIES 1 THROUGH 10,<br><br>Defendants. | Case No. 4:20-cv-565<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SALOMON SAS FOR LACK OF PERSONAL JURISDICTION |

COMES NOW Defendant, SALOMON S.A.S. (hereinafter "Salomon") and submits this

Memorandum in Support of Motion to Dismiss Salomon SAS for Lack of Personal Jurisdiction.

Plaintiffs cannot demonstrate that Salomon has the necessary connections with the forum to establish personal jurisdiction. Salomon is a company organized under the laws of France with its principal place of business in Annecy, France. Salomon does not and has not sold or shipped the ski boot at issue in Idaho, or otherwise availed itself of the privileges and protections of the laws of the State of Idaho. As such, Salomon seeks dismissal for lack of required minimum contacts and connections necessary to establish personal jurisdiction in this forum.

I. **SIGNIFICANT FACTUAL BACKGROUND**

Plaintiffs, Randall J. Thomas and Jan B. Thomas, residents of Pocatello, Bannock County, Idaho, initially filed this lawsuit on December 15, 2020, in the United States District Court for the District of Idaho. *See generally* Plaintiffs' Complaint. Plaintiffs claim damages for injuries Mrs. Jan Thomas sustained while skiing using a Salomon X Access R60 ski boot at the Pomerelle Mountain Resort in Albion, Cassia County, Idaho. Complaint, ¶¶ 10, 11. The Salomon ski boot at issue was purchased at Barrie's Ski and Sports in Pocatello, Idaho. *Id*. at ¶ 10. Plaintiffs have alleged jurisdiction over Salomon due to its development, manufacture, distribution, and/or sale of certain products, including the ski boot at issue. Complaint, ¶ 5. Per Plaintiffs' Complaint, all the defendants, including Salomon, currently and have previously conducted business in the state of Idaho. *Id*. at ¶ 9.

The accompanying declaration of Laurence Grollier lays out the relevant facts for the dismissal of Salomon, a French entity. Salomon is organized under the laws of France, with its principal place of business in Annecy, France. *See* Declaration of Laurence Grollier, ¶ 2. Salomon sells its Salomon-branded products to a single purchaser in the United States: Amer Sports Winter & Outdoor Company (hereinafter "ASWO"), located in Ogden, Utah. *Id*. at ¶ 4. Salomon has no ownership of the products as they enter the United States. *Id*. Once the products reach the United

States, Salomon has no control over the re-sale and distribution of those products. *Id*. In sum, Salomon does not manufacture, sell, or distribute the ski boot at issue in the United States. *Id*. at ¶ 3.

Additionally, Salomon does not and has not had an office in Idaho and does not and has not maintained employees or agents in Idaho. *Id*. at ¶ 5. Salomon does not and has never owned real property in Idaho. *Id*. at ¶ 6. All of Salomon's employees are based in Europe, and Salomon has never entered into any contract to perform services within Idaho. *Id.* at ¶¶ 10, 8. *See* Declaration of Laurence Grollier, ¶ 6. Moreover, no agent of Salomon has ever visited Idaho to market, promote, or solicit sales of the ski boot at issue. *Id*. at ¶ 7. As is apparent from the facts set forth above, Salomon has no connection to the forum state, and does not and did not conduct business in the State of Idaho as alleged by Plaintiffs.

These factual underpinnings are fatal to Plaintiffs' attempt to assert personal jurisdiction over Salomon. Ultimately, Salomon should be dismissed from this suit because it is an entity domiciled outside of the United States with its principal place of business outside of the United States and lacks the minimum connections necessary to subject itself to this Court's jurisdiction.

## II.    LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of claims where a court lacks personal jurisdiction over the defendant. A plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court cannot adjudicate claims against a defendant over whom it has no jurisdiction. To establish personal jurisdiction, the plaintiff must show that "the statute of the forum confers personal jurisdiction over the nonresident defendant" and that the exercise of jurisdiction conforms with the federal constitutional principles of due process. *See Lake*

*v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). "Because Idaho's long-arm statute . . . allows a broader application of personal jurisdiction than the Due Process Clause, the Court need look only to the Due Process Clause to determine personal jurisdiction." *Hill v. Union Pacific Railroad Co.*, 362 F.Supp.3d 890, 895 (D. Idaho 2019) (citing *Wells Cargo, Inc. v. Transport Insurance Co.,* 676 F.Supp.2d 1114, 1119 (D. Idaho 2009)) ("[t]hus, under Idaho law, the jurisdictional analysis and federal due process analysis are the same"). The Due Process clause requires that a nonresident defendant have sufficient "minimum contacts" with the forum state so that the notions of "fair play and substantial justice" are not offended. *Hill*, at 895. Under federal law, personal jurisdiction can be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of Idaho, San Francisco County*, 137 S.Ct. 1773, 1776 (2017).

## A. General Jurisdiction

A court may exercise general jurisdiction only when a defendant is "essentially at home" in the forum state. *See Ford Motor Co. v. Montana Eighth Judicial Dist.*, 592 U.S. ___ (2017), slip. op. at 5 (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The U.S. Supreme Court's decision in *Daimler* curtails a court's ability to assert general jurisdiction over out-of-state corporations. *See generally, Daimler AG v. Bauman*, 571 U.S. 117 (2014). The U.S. Supreme Court has held that alleging general jurisdiction over an out-of-state corporation merely because it is "doing business" in the forum state is "unacceptably grasping." *Daimler*, 571 U.S. at 136–37. The Supreme Court held instead that "all-purpose" or "general" personal jurisdiction—the ability to hear claims unrelated to the forum state—is proper only where the corporation is "at home," which is not synonymous with "doing business." *Id*. at 140–41.

In this way, the Supreme Court's *Daimler* opinion limited general jurisdiction over a corporation to two forums: the state of incorporation and the principal place of business. *Id.*; *see*

*also BNSF Railway Co. v. Tyrrell*, 137 S.Ct. 1549 (2017) (holding if a corporation is not incorporated in a state, does not maintain its principal place of business in that state, and is not "so heavily engaged in activity in [that state] 'as to render [it] essentially at home,'" then that state does not have general jurisdiction over that corporation.). In this instance, Salomon is neither incorporated in Idaho, nor is its principal place of business located in Idaho. Moreover, Plaintiffs acknowledge in the Complaint that Salomon is "a French corporation with its principal place of business in Annecy, France." Complaint, ¶ 5. Salomon, a French entity, is simply not "at home" in Idaho.

### B. Specific Jurisdiction

A court may only exercise specific jurisdiction over a defendant if that defendant "purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Judicial Dist.*, slip op. at 2. The plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum in order for exercise of specific jurisdiction to be proper. *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1776. The due process clause of the Fourteenth Amendment does not permit jurisdiction to be based on contacts with the forum state that are random, fortuitous, or attenuated. *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 923; *see also Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (noting due process requires that the defendant have sufficient minimum contacts with the forum such that hauling the defendant into court in the forum "does not offend traditional notions of fair play and substantial justice.").

The "essential foundation" of specific jurisdiction is a strong connection between the defendant, the forum, and the litigation. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Limitations on specific jurisdiction aim to prevent states with "little legitimate interest" from hearing cases instead of states more affected by the controversy. *Ford*

*Motor Co.*, slip op. at 7 (citing *Bristol-Meyers*, at 1776). In this case, there is no connection between the defendant and the forum or the defendant and the litigation. Therefore, the Court lacks both specific and general jurisdiction over Salomon, and Plaintiffs' Complaint should be dismissed.

### III.  ARGUMENT

**A. Plaintiffs have not met the requirements for general jurisdiction over Salomon.**

Here, Salomon lacks any connection with Idaho that could satisfy the jurisdictional requirements set forth in *Daimler* and *BNSF Railway Co*. Salomon is not "at home" in Idaho, as it is neither domiciled there nor is its principal place of business located there. As stated above, Salomon is organized under the laws of France and has its principal place of business in Annecy, France.

In *BNSF Railway Co.*, the Supreme Court held that the State of Montana did not have general jurisdiction over BNSF, even though BNSF had 2,000 employees in Montana, because "BNSF, we repeat, is not incorporated in Montana and does not maintain its principal place of business there. Nor is BNSF so heavily engaged in activity in Montana "as to render [it] essentially at home in that State." *BNSF Railway Co.*, 137 S.Ct. at 1559. Like BNSF, Salomon is not incorporated in Idaho and does not maintain its principal place of business in Idaho. Moreover, Salomon has a stronger argument for lack of general jurisdiction because, unlike *BNSF*, Salomon maintains no employees or agents in Idaho.

Salomon has not conducted enough activity in the forum state to establish general jurisdiction. In *Goodyear*, the Supreme Court held that simple placement of a product into the stream of commerce is not enough to support the exercise of general jurisdiction over a U.S. company's foreign subsidiaries. *Goodyear*, 564 U.S. at 929. In this instance, Salomon has done

even less than the defendant at issue in *Goodyear*. In fact, Salomon does not and did not manufacture, sell, or distribute the Salomon ski boot at issue anywhere in the United States, let alone in Idaho. *See* Declaration of Laurence Grollier, ¶ 3. Plaintiffs' cause of action against Salomon did not arise from any acts Salomon performed within the State of Idaho or any connections between Salomon, an entity based in and organized under the law of France, and the State of Idaho. As such, there is no basis for this court to exercise general jurisdiction over Salomon, and Plaintiffs' action should be dismissed.

### B. Plaintiffs have not met the requirements for specific jurisdiction over Salomon.

Plaintiffs cannot establish specific jurisdiction over Salomon, because Salomon has not purposefully availed itself of Idaho by conducting activities within the state. Salomon does not manufacture, sell, or distribute products in the United States, including the ski boots at issue. Salomon does not and has not had an office in Idaho, nor has it maintained employees or agents in Idaho. Salomon does not and has not owned real property in Idaho, nor has it entered into any contract to perform services within Idaho. Further, no agent of Salomon has ever visited Idaho to market, promote, or solicit sales of the ski boot at issue. In fact, Salomon does not conduct any business in the United States, let alone in Idaho. Salomon has no ownership of Salomon-branded products as they enter the United States; instead, ASWO has complete control over re-sale and distribution of those products.

Further, Plaintiffs have failed to establish any connection between their asserted claims, Salomon, and this forum. Plaintiffs fail to allege any connection between themselves, the ski boot at issue, the State of Idaho, and Salomon. Salomon sells its Salomon-branded products to a single purchaser in the United States, ASWO, which is located in Ogden, Utah. Therefore, Salomon did not sell the ski boot at issue to Plaintiffs and had no involvement in the sales transaction. As the

Court stated in *Goodyear*, the Due Process Clause of the Fourteenth Amendment does not permit jurisdiction to be based on contacts with the forum state that are random, fortuitous, or attenuated. *Goodyear*, 564 U.S. at 923; *see also Int'l Shoe Co.*, 326 U.S. at 316. In this case, Salomon's contacts with the forum state cannot even be described as such, because they are nonexistent. Plaintiffs have failed to satisfy the test to establish specific jurisdiction, as Salomon has not purposefully directed any activities or conducted any transactions within Idaho, nor performed any forum-related activities in Idaho. Plaintiffs have failed to establish that personal jurisdiction exists over Salomon, and his claims should, therefore, be dismissed.

## IV.   CONCLUSION

The Supreme Court has declined to exercise jurisdiction over defendants in many situations, even when said defendants had more connections to the forum state than Salomon has to the State of Idaho. There is no basis for this court to exercise general or specific personal jurisdiction over Salomon. Plaintiffs fail to satisfy any of the requirements necessary for the exercise of personal jurisdiction over Salomon in this case. Salomon is organized under the laws of France with its principal place of business in Annecy, and thus cannot be viewed as "at home" in Idaho for the purposes of general jurisdiction. Additionally, Plaintiffs set forth no allegations or facts establish specific jurisdiction over Salomon, as Salomon has no connections with the forum state.

WHEREFORE, Defendant, SALOMON S.A.S. prays this Court enter an order dismissing Plaintiffs' action against SALOMON S.A.S. with prejudice, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for such other and further relief as the Court deems just and appropriate.

DATED this 7th day of October, 2021

          ANDERSON, JULIAN & HULL LLP

By /s/ Robert A. Anderson
   Robert A. Anderson, Of the Firm
   Christopher P. Slette, Of the Firm
   Attorneys for Amer Sports Winter &
   Outdoor Company and SALOMON SAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th of October, 2021, the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SALOMON SAS FOR LACK OF PERSONAL JURISDICTION was served electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

| | |
|---|---|
| Reed W. Larsen | ☐ U.S. Mail, postage prepaid |
| Anthony B. Budge | ☐ Hand-Delivered |
| COOPER & LARSEN, CHARTERED | ☐ Overnight Mail |
| 151 North 3rd Ave, 2nd Flr | ☐ Facsimile |
| P.O. Box 4229 | ☐ E-Mail |
| Pocatello, ID 83205 | ☒ CM/ECF |
| (T): (208) 235-1145 | |
| reed@cooper-larsen.com | |
| tony@cooper-larsen.com | |

          /s/ Robert A. Anderson
          Robert A. Anderson